UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SENTRY EQUITIES, LTD, § <br> SENTRY HOLDING COMPANY, LLC and § <br> ROBERT W. HAAS, § <br> INDIVIDUALLY, § <br> § <br> Plaintiffs, § <br> § <br> V. § <br> § <br> ALLSTATE LIFE INSURANCE COMPANY, § <br> D/B/A NORTHBROOK LIFE INSURANCE § <br> COMPANY, ALLSTATE ASSURANCE § <br> COMPANY D/B/A NORTHBROOK LIFE § <br> INSURANCE COMPANY, LIFE INFORCE § <br> PROCESSING and MORGAN STANLEY & § <br> CO, INC., § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:21-cv-00052 |

**DEFENDANTS' MOTION TO DISMISS PURSUANT**
**FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Defendants Allstate Life Insurance Company d/b/a Northbrook Life Insurance Company and Allstate Assurance Company d/b/a Northbrook Life Insurance Company (together "Allstate") file their Motion to Dismiss pursuant Rule 12(B)(1) and 12(B)(6) and respectfully shows the Court the following:

**I.   SUMMARY OF ARGUMENT**

1.   Plaintiffs allege first-party causes of action stemming from the alleged breach of a life insurance policy that has not occurred yet; therefore, Defendants do not have an obligation to make any payment under the life insurance policy which Plaintiffs' claims are based upon. Consequently, Plaintiffs' claims are not ripe because there is no obligation to make a payment under the terms of the life insurance policy.

1

2.     Second, Plaintiffs fail to assert causes of action for which relief could be granted. Specifically, Plaintiffs' Original Petition does not assert any factual allegations to support its claims against Defendant Allstate Assurance, and Plaintiffs' Original Petition is devoid of any allegation that it made a claim under the life insurance policy or Defendants failed to pay a claim made under the Policy. These pleading deficiencies are fatal to Plaintiffs' first-party allegations against Defendants.

3.     Last, to the extent the Court determines that Plaintiffs' claims are ripe, Plaintiffs' Declaratory Judgement Action does not permit them to recover attorney fees and must be dismissed from this lawsuit.

## II.     PLAINTIFFS' PLEADED FACTS

4.     Defendant Allstate issued a Single Premium Life Insurance Policy, Policy No. 5108174187, to Plaintiffs on January 19, 1988. The Policy matures on May 11, 2049. *See* Doc. 1-3; Exhibit 1. Plaintiff contends that the Policy contractually guaranteed an interest rate at 7.75 percent the first year and 6 percent interest after that, with 6 percent interest being contractually guaranteed. Plaintiff alleges that Allstate unilaterally decreased Plaintiffs' interest rate on May 22, 2020, from 6% to 4% in response to unfavorable market conditions. Based on these facts, Plaintiffs allege Defendants breached the insurance policy, violated various sections of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, the duty of good faith and fair dealing, and seek a declaration that the Single Premium Life Insurance Policy provides them with a contractually guaranteed 6 percent interest.[1]

---

[1] For purposes of this Motion, Defendants address three exhibits, including the Policy at issue, that is referenced and attached to Plaintiff's Original Petition.

### III.     ARGUMENT & AUTHORITIES

#### A.     12 (B)(1) MOTION TO DISMISS

5. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Moreover, federal jurisdiction requires that a "case … be ripe for decision, meaning that it must not be premature or speculative." *McGinnis v. Union Pacific Railroad Co.*, 2009 WL 2900277 (S.D. Tex. 2009), citing *Shields*, 289 F.3d at 835. A lack of ripeness deprives the court of jurisdiction. *McGinnis*, 2009 WL at *2.

6. A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

7. "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714–15 (5th Cir. 2012). "The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id*. "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Id*.

However, "even where an issue presents purely legal questions, the plaintiff must show some hardship in order to establish ripeness." *Id*.

### 1. PLAINTIFFS' CLAIMS DO NOT PRESENT AN ARTICLE III CASE-OR CONTROVERSY

8. Article III of the United States Constitution limits federal courts' jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. As the Fifth Circuit acknowledged, federal courts have attempted to give meaning to the "case or controversy" requirement of Article III by developing a series of principles known as "justiciability doctrines." *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). One such doctrine is ripeness, which "separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *Id*. (citing *Abbott Lab. v. Gardner*, 387 U.S. 136, 87 (1967), *overruled on other grounds, Califano v. Sanders*, 430 U.S. 99, 97 (1977)).

### 2. THE PURPORTED "CONTROVERSY" BETWEEN PLAINTIFFS AND DEFENDANTS IS NOT RIPE FOR DECISION.

9. One of the "landmarks, setting apart the 'Cases' and 'Controversies' that are of the justiciable sort referred to in Article III . . . is the doctrine of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted). Indeed, "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Id*.; *accord In re Vioxx Products Liab. Litig.*, 874 F. Supp. 2d 599, 603 (E.D. La. 2012). Article III standing "is the threshold question in every case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The Supreme Court has explained that "the irreducible constitutional minimum of standing contains three elements":

> First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or hypothetical.'" Second, there must be a causal connection between injury and the conduct complained of--the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e]

4

result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 560-61 (internal citations omitted). Plaintiffs bear the burden of establishing that each of them has standing under Article III. *See id.* at 561; *accord In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 570 F. Supp. 2d 851, 853 (E.D. La. 2008) ("The key question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant federal court jurisdiction.") (emphasis added).

10. Plaintiffs do not meet the first prong of Article III standing because the Original Petition fails to identify "actual or imminent" damage resulting from Defendants' alleged conduct. *See Lujan*, 504 U.S. at 560. The petition generically alleges Plaintiffs "suffered substantial damages as a result of Defendants' wrongful conduct," "have been and will be damaged by Defendants' breach of the contract"; and "are entitled to damages resulting from Defendants' failure to fulfill their obligations under the contract." Yet none of these generalized, conclusory allegations sufficiently identify Plaintiffs' alleged injuries. Plaintiffs' failure to identify *how* they have been damaged is not surprising, as a cursory review of the Original Petition reveals Plaintiffs' alleged damages are hypothetical and speculative at best. The Complaint is void of any reference to a personal, pecuniary, or economic injury that is concrete and particularized—much less one that is actual or imminent. Plaintiffs simply have not—and can not—allege an "injury in fact" sufficient to satisfy Article III standing **because there is no obligation for Defendants to pay under the life insurance policy until Plaintiff passes away or reaches the maturity date**. The Policy, incorporated into Plaintiffs' Original Petition states:

> We will pay the death benefit to the beneficiary when we receive due proof of the insured's death while the policy is in force prior to the maturity date. We will pay you the net cash value if the insured is living on the maturity date. Unless changed, the beneficiary is as named in the application.

Doc. 1-3; Exhibit 1, p. 1. Moreover, the Policy matures on May 11, 2049. *Id*.

11. Accordingly, this Court lacks subject-matter jurisdiction and should dismiss Plaintiffs' contractual and extra-contractual claims against Defendants because there is no obligation to pay under the Policy.

### 3. PLAINTIFFS' DECLARATORY JUDGMENT CANNOT EXIST

12. In considering a motion to dismiss after removal, the plaintiffs' declaratory judgment claims are evaluated under the federal Declaratory Judgment Act. *See, e.g.*, *Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. February 21, 2012) ("When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202."). Under the federal Declaratory Judgment Act, ripeness will be found only when an actual controversy exists, and such controversy is found when "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Id.* (citing *Middle S. Energy, Inc. v. New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)).

13. For a case arising under the federal Declaratory Judgment Act, a district court must first determine 1) "whether the declaratory action is justiciable," 2) whether the court has authority "to grant declaratory relief in the case presented," and 3) how the court should exercise its discretion to decide or dismiss the action. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). "A declaratory judgment action, like any other action, must be ripe to be justiciable." *Id.* at 896. According to the Fifth Circuit:

> To demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or

6

contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and quotations omitted).

14. Similarly, under the TDJA, " 'a justiciable controversy must exist before a party can be properly joined' in a declaratory judgment action." *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 324 (5th Cir. 2001) (citing *Sub-Surface Constr. Co. v. Bryant-Curington, Inc.*, 533 S.W.2d 452, 456 (Tex. Civ. App.—Austin 1976, writ ref'd n.r.e.)). If a judgment in such an action " 'depends upon contingent or hypothetical facts, or upon events that have not yet come to pass,' it is not ripe for review." *Id.* (citing *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 443 (Tex. 1998)). Again, Defendants do not yet have an obligation to pay under the Policy, and no amount is yet owed to Plaintiffs. Defendants' change in the interest rate, a right it maintains under the policy, does not create an actionable controversy for a payment obligation that has not accrued under the life insurance policy.

### B. 12(B)(6) MOTION TO DISMISS

15. Rule 12(b)(6) allows for dismissal of an action when the claimant has failed to state a claim upon which relief can be granted. The factual allegations supporting the claim "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Court should not strain to find favorable inferences for the plaintiff or accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Investments LDC v. Phillips*, 401 F.3d 648, 652 (5th Cir. 2005). If a complaint omits facts concerning pivotal elements of a plaintiff's claim, a court is justified in assuming the non-existence of those facts. *See, e.g., Reneker v. Offill*, No. Civ. A. 3:08-CV-1394-D, 2009 WL 3365616, at *5 (N.D. Tex. October 20, 2009).

16. The sufficiency of Plaintiffs' petition must also be determined by the federal pleading standard, not the Texas state pleading standard:

> The *Smallwood* opinion instructs us to apply the Rule 12(b)(6)-type analysis, which must mean the entirety of that analysis. Because that analysis is inseparable from the federal pleading standard, this is an instruction to apply the federal pleading standard.

*International Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 204 (5th Cir. 2016).

### 1. PLAINTIFFS DO NOT HAVE THE STANDING TO ASSERT FIRST-PARTY CAUSES OF ACTION AGAINST ALLSTATE ASSURANCE

17. Not only does the Court lack jurisdiction under 12(b)(1), Plaintiffs also lack standing to assert their causes of action as outlined in their Original Petition. Considering Plaintiffs' Original Petition and the exhibits therein, Plaintiffs do not have the standing to assert a breach of contract and extra-contractual claims against Defendants. First, Allstate Assurance Company is merely an underwriter, not Plaintiffs' insurer, and does not have any contractual privity with Plaintiffs, nor could it. *See* Doc. 1-3; Exhibit 1, p. 1. For these reasons, it is an improper defendant. Second, Plaintiffs' Original Petition is devoid of any factual references or conduct to justify holding Allstate Assurance liable for any of its pleaded claims. *See*. Doc. 1. As such, Allstate Assurance should be dismissed from this lawsuit. Third, the Policy authorizes the payment of death benefits to a beneficiary or at the Policy's maturity date. *See* Doc. 1-3; Exhibit 1. Defendants are not beneficiaries under the Policy, and the Policy has not reached the maturity date. *See* Doc. 1-3; Exhibit 1. As such, Plaintiffs lack standing to assert causes of action for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## 2. PLAINTIFFS FAILED TO PLEAD A CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED

18. Plaintiffs' Original Petition wholly fails to plead sufficient facts to support a breach of contract claim, and therefore, also support its extra-contractual claims against Defendants. While Plaintiffs generally contend that Defendants denied payment of a covered "claim," no claim has been made under the Policy at issue. *See* Section G of Doc. 1. Indeed, Plaintiff neither pleaded nor can it show that it made a claim for death benefits under the life insurance policy. The causes of action asserted in Plaintiffs' petition are wholly speculative. *Twombly*, 550 U.S. at 555. Furthermore, without a claim that death benefits are owed under the life insurance policy, Plaintiff's DTPA and Insurance Code claims also cannot exist. Indeed, the Supreme Court of Texas has held that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018); *See* Tex. Ins. Code § 541.151. Currently, Plaintiffs do not have a right to death benefits under the Policy, nor have they pleaded that they made a claim for such benefits.

## 3. PLAINTIFFS CANNOT RECOVER ATTORNEY FEES UNDER THE FEDERAL DECLARATORY JUDGMENT ACT

19. The Federal Declaratory Judgment Act, which applies to this federal action, allows for "necessary or proper relief" to be granted to the prevailing party. 28 U.S.C. § 2202. Even so, the Federal Declaratory Judgment Act does not provide the requisite statutory authority to award attorney's fees in a diversity case. *See Mercantile Nat'l Bank at Dallas v. Bradford Trust Co.,* 850 F.2d 215, 218 (5th Cir.1988).

20. The Texas Declaratory Judgment Act allows for the award of attorney's fees in declaratory judgment actions. However, because the TDJA is procedural, not substantive, it cannot authorize

8874740v1
03647.952

the award of fees in this federal declaratory judgment action for parties sitting in diversity. *Camacho v. Tex. Workforce Comm'n,* 445 F.3d 407, 413 (5th Cir.2006); *Travelers Indem. Co. v. Citgo Petroleum Corp.,* 166 F.3d 761, 772 (5th Cir.1999). Therefore, absent specific references by Plaintiffs to any substantive law that justifies such an award, the court refuses to make an exception to the American Rule, which requires litigants to bear their own attorney's fees. *See Camacho,* 445 F.3d at 412, 413; *Mercantile Nat'l Bank at Dallas,* 850 F.2d at 218.

## CONCLUSION & PRAYER

21. Defendants pray that this Court grants its Motion to Dismiss pursuant 12(b)(1) and 12(b)(6) and dismisses Plaintiffs claims asserted against Defendants, and for any and all relief, it has shown itself justly entitled.

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ Raymond Kutch
**Zandra Foley**
State Bar No. 24032085
**Roger Higgins**
State Bar No. 09601500
**Raymond M. Kutch**
State Bar No. 24072195

One Riverway, Suite 1400
Houston, TX 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
E-mail: zfoley@thompsoncoe.com
rhiggins@thompsoncoe.com
rkutch@thompsoncoe.com

**COUNSEL FOR DEFENDANTS
ALLSTATE LIFE INSURANCE COMPANY,
D/B/A NORTHBROOK LIFE INSURANCE
COMPANY and ALLSTATE ASSURANCE
COMPANY D/B/A NORTHBROOK LIFE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2021, a true and correct copy of the foregoing instrument was served upon all known counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Raymond M. Kutch*
Raymond M. Kutch

8874740v1
03647.952