IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SENTRY EQUITIES, LTD., § <br> SENTRY HOLDING COMPANY, § <br> LLC, AND ROBERT W. HAAS, § <br> INDIVIDUALLY § <br> § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> ALLSTATE LIFE INSURANCE § <br> COMPANY, D/B/A NORTHBROOK § <br> LIFE INSURANCE COMPANY, § <br> ALLSTATE ASSURANCE § <br> COMPANY D/B/A NORTHBROOK § <br> LIFE INSURANCE COMPANY, § <br> LIFE INFORCE PROCESSING AND § <br> MORGAN STANLEY & CO., INC. § <br> § <br> *Defendants.* § | <br><br><br><br><br><br><br><br><br>CIVIL ACTION NO. 4:21-CV-00052<br>(JURY TRIAL REQUESTED) |

## PLAINTIFFS' ORIGINAL COMPLAINT

## TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs Sentry Equities, Ltd., Sentry Holding Company, LLC, and Robert W. Haas, Individually, together "Haas" herein, and file this Haas' Original Complaint as to Defendants Allstate Life Insurance Company d/b/a Northbrook Life Insurance Company's and Allstate Assurance Company d/b/a Northbrook Life Insurance Company's, together "Allstate" herein, and respectfully show unto the Court the following:

1

## I.    PARTIES

### A. PLAINTIFFS

Plaintiff Sentry Equities, Ltd, is a Texas Limited Partnership.

Plaintiff Sentry Holding Company, LLC, is a Texas Limited Liability Company and the General Partner for Sentry Equities, Ltd.

Plaintiff Robert W. Haas is a citizen and resident of Houston, Harris County, Texas. The last 3 digits of Plaintiff's Texas driver's license are 182 and the last 4 digits of Plaintiff's Social Security number are 8416.

### B. DEFENDANTS

Defendant **ALLSTATE LIFE INSURANCE COMPANY D/B/A NORTHBROOK LIFE INSURANCE COMPANY** is a company doing business in the state of Texas and which has been served and answered herein.

Defendant **ALLSTATE ASSURANCE COMPANY D/B/A NORTHBROOK LIFE INSURANCE COMPANY** is a company doing business in the state of Texas and which has been served and answered herein.

Defendant **NORTHBROOK LIFE INSURANCE COMPANY** is a company doing business in the state of Texas and which has been served and answered herein thru both **ALLSTATE LIFE INSURANCE COMPANY and ALLSTATE ASSURANCE COMPANY** as a d/b/a.

Defendant **LIFE INFORCE PROCESSING** was a company doing business in the State of Texas, and its address is currently unknown.

Defendant **MORGAN STANLEY AND CO., LLC**, is a company doing business in the state of Texas and which has been served and answered herein.

## II.     JURISDICTION AND VENUE

Defendants **ALLSTATE LIFE INSURANCE COMPANY D/B/A NORTHBROOK LIFE INSURANCE COMPANY** and **ALLSTATE ASSURANCE COMPANY D/B/A NORTHBROOK LIFE INSURANCE COMPANY** removed the case from Texas State Court under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000, Dkt. No.1. The Plaintiffs claims for relief exceed more than $200,000.00. Thus, Jurisdiction is proper as a diversity case.

Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiffs' claims occurred in this District and Division.

## III.     FACTS

The Specific Complaint is that under Plaintiffs' Single Premium Life Insurance Policy, Policy Number 5108174187, copy is attached as Exhibit One (1) hereto, Plaintiffs had a contractually guaranteed interest rate which was set at 7.75

percent in the first year, and 6 percent interest thereafter, with the 6 percent also being contractually guaranteed.

In 1988 Robert Haas met with Smith Barney agent Mike Robertson. Robert Haas was not looking for a whole life insurance policy, but he was looking for an investment vehicle that had a guaranteed return and a set interest rate on borrowed funds. Mike Robertson promised just such a vehicle as found in Exhibit one hereto. Mr. Haas was turning 40 that year, and he had just gotten married. He wanted a stable investment with a guaranteed return. Robert Haas was told at the time of purchase to look at the instrument as an investment vehicle with a death kicker.

Indeed, Mr. Haas borrowed on the funds in the policy on multiple occasions. Like the return rate, those borrowed funds were also at a set, pre-determined set amount. Mr. Haas was also told, and the policy so states, that the value of the investment could be surrendered back to him at any time

Despite this explicit language in the policy, and the assurance from producing agent Michael Robertson (deceased), an agent of Dean Witter Reynolds (which later merged into Morgan Stanley Co., Inc.), Mr. Haas received the May 22, 2020 letter from Allstate Life Insurance Company, copy attached as part of Exhibit Two (2) hereto, that states, "As of your last anniversary, we decreased the interest rate from 6% to 4% in response to unfavorable market conditions." This unilateral action by

Allstate Life Insurance Company is unacceptable. Indeed, the policy actually states that the insurer only reserved the right to amend this contract to comply with:

> "1. Future changes In the Internal Revenue Code;
> 2. Any regulations or rulings Issued under the Code; and
> 3. Any other requirements Imposed by the Internal Revenue Service.
> We will give you a copy of any such amendment. Only our officers may change this contract or waive a right or requirement. No agent may do this."

Page 5 of Exhibit 1.

Thus, Allstate's arbitrary interpretation on the change of interest rates and arbitrary act is a breach of contract, and a knowing violation of the Texas Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Comm. Code §§ 17.46 (b), 17.50(a); the Texas Insurance Code, Tex. Ins. Code §§ 541.003, 541.060, 541.061; breach of the duty of good faith; and breach of the Texas Prompt Pay Act.

## IV.   BREACH OF CONTRACT

Defendants breached Defendants' contract with Plaintiffs. The elements and facts supporting said breach of contract are detailed above and herein. Plaintiffs' Single Premium Life Insurance Policy, Policy Number 5108174187 states:

> "This is a legal contract between you and us."

1st Page of Exhibit 1.

> THE GUARANTEED NET CASH VALUE ASSUMES NO OUTSTANDING LOANS. THE BASIS Of THIS GUARANTEED CASH VALUES IS 7.75 PERCENT INTEREST THE FIRST YEAR, 6 PERCENT INTEREST THEREAFTER, AND THE MAXIMUM ANNUAL COSTS Of INSURANCE. THE MAXIMUM ANNUAL COST OF

  INSURANCE RATES ARE 100 PERCENT Of THE 1958 CSO ALB MORTALITY TABLE.

PAGE 4 of Exhibit 1; and which provision Defendants have breached.

  Annual Report· We will send you a report at least once each year showing;
    1. The current cash value, death benefit and policy loan;
    2. The amount of interest credited since the last report; and
    3. The amount of deductions, If any. since the last report.

Pages 5 and 6 of Exhibit 1;

  The cash value will never be less than the guaranteed cash value shown on Page 4.

Page 7 of Exhibit 1: and which provision Defendants have breached.

  Net Cash Value · The net cash value Is the cash value less:
    (a) any outstanding policy loan and policy loan Interest. and
    (b) any surrender charges as described on page 3.

Page 7 of Exhibit 1: and which provision Defendants have breached.

  "Surrender for Cash - This contract will stop when and if you ask us to pay you the net cash value. We reserve the right to defer payment of the net cash value for up to 6 months after you ask us. Your cash value will earn interest until the date of payment. The amount will be as described above. In no case will it be less than that required bv the state in which the contract is delivered."

Page 7 of Exhibit 1: and which provision Defendants have now breached by their

insistence that there is no surrender option.

  "We will grant you a loan with this policy as sole security."

Page 7 of Exhibit 1.

6

> "The existing loans plus a pro rata portion of the loan Interest due on the next policy anniversary may not at any time exceed the net cash value. Should this occur. the policy will lapse. However, It will not lapse until 30 days after we send a notice to you at your last known address. We will also send a notice to any assignee of record."

Page 7 of Exhibit 1.

> "The payee may choose to receive a single payment or a settlement contract containing any of these annuity options:
> 1. Life Annuity with 10 Year Guarantee· An Income for the life of a person with a guarantee it will be paid at least 10 years.
> 2. Joint and Survivor Annuity · An Income for as long as both or either of two persons live.
> 3. Fixed Period Annuity · An Income for a fixed period of 10 to 30 years."

Page 7 of Exhibit 1.

Plaintiffs plead for actual damages. Plaintiffs placed Defendants on Notice of this claim, see Notice letter attached as Exhibit 3 hereto, and Haas further requests reasonable and necessary attorney fees, pre- and post-judgement interest as allowed by law, and costs of Court under said breach of contract cause of action.

## V. <u>DECEPTIVE INSURANCE PRACTICES AND INSURANCE CODE VIOLATIONS</u>

Plaintiffs, Sentry Equities, Ltd., Sentry Holding Company, LLC and Robert Haas are individual consumers. Defendants are corporations.

Plaintiffs, Sentry Equities, Ltd., Sentry Holding Company, LLC and Robert Haas gave defendants written notice of Plaintiffs' claim at least 61 days before filing

7

suit, under the terms of Texas Insurance Code section 541.154. A copy of that Notice Letter is attached hereto as Exhibit 3, and same is fully adopted and incorporated herein.

Defendants' acts or practices violated sections of the Texas Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Comm. Code § 17.50 (a) in that a consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

(1) the use or employment by any person of a false, misleading, or deceptive act or practice that is:

(A) specifically enumerated in a subdivision of Subsection of Section 17.46 of this subchapter; and

(B) relied on by a consumer to the consumer's detriment;

(2) breach of an express or implied warranty;

(3) any unconscionable action or course of action by any person; or

(4) the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code.

The Texas Insurance Code violations include violations of Tex. Ins. Code §§ 541.003, 541.060 and 541.061. Tex. Ins. Code § 541.003 prohibits an insurer from engaging in an unfair claim settlement practice as set out therein. Tex. Ins. Code § 541.060 prohibits, among other things, misrepresenting to a claimant a material fact

or policy provision relating to coverage at issue. Tex. Ins. Code § 541.061 prohibits an insurer from unfair or deceptive acts or practices and states, "It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; or

(5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

It is clear that Allstate and the other Defendants have acted in bad faith, breached the contract of insurance, and violated all of the above statutory provisions and that same was done knowingly. Defendants' acts and practices were and are a producing cause of injury to Plaintiffs, which resulted in the following damages: The specific amount owed by the insurer to the insured on this claim is the difference between 6% instead of 4% interest from the last anniversary of the policy until the present, plus continuation of the 6% interest rate for the duration of the policy. This

amount is due as Allstate arbitrarily, and wrongfully, decreased the interest rate from 6% to 4%.

Plaintiffs plead for additional damages as Defendants acted knowingly, which entitles Plaintiffs to recover statutory damages including treble damages under Texas Insurance Code section 541.152(b).

Plaintiffs are further entitled to recover mental anguish and reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

As the Cash Value determines the Surrender value and the allowable loan value, Defendants have also violated the Texas Insurance Code Prompt Pay statutes, TEX. INS. CODE § 542 *et seq*. Haas has a first party claim for payment of 6% interest rather than 4% interest. The claim is more than 60 days stagnant; *see* Exhibit 1. *See* Sec. 542.055. RECEIPT OF NOTICE OF CLAIM and Sec. 542.056, NOTICE OF ACCEPTANCE OR REJECTION OF CLAIM.

Under Sec. 542.060. LIABILITY FOR VIOLATION OF THE SUBCHAPTER, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees; and if a suit is filed, the attorney's fees shall be taxed as part of the costs in the case.

TEX. INS. CODE § 542 *et seq*. applies as the immediate reduction in interest rates reduces the loan ability, lowers the present value of the asset, and lowers the future value of the asset; it affects the daily decision-making process as to whether to cash out (surrender), sale to a third party, or borrow against the policy.

## VI.    BAD FAITH

Plaintiffs were under an insurance contract sold and issued by Defendants, which gave rise to a duty of good faith and fair dealing. *See* attached Exhibit 1, the contract giving rise to this duty. Defendants breached the duty by:

> Denying and delaying payment of a covered claim when the Allstate Defendants knew or should have known their liability under the policy was reasonably clear to pay the appropriate interest rate as stated above.

Defendants' breach of duty proximately caused injury to Plaintiffs, which resulted in the following damages: The specific amount owed by the insurer to the insured on this claim is the difference between 6% instead of 4% interest from the last anniversary of the policy until the present, plus continuation of the 6% interest rate for the duration of the policy. This amount is due as Defendants arbitrarily, and wrongfully, decreased the interest rate from 6% to 4%.

Exemplary damages are additionally pled for as Plaintiffs suffered injury independent of the loss of policy benefits, and that injury resulted from Defendants' gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a). Plaintiffs

11

are further entitled to recover pre- and post-judgment interest and reasonable and necessary attorney fees under Texas Insurance Code chapter 542A and under the Common Law Rules of Bad Faith.

## VII. UNJUST ENRICHMENT

Plaintiffs reiterate the factual allegations contained above. Additionally, and/or alternatively, Plaintiffs assert a claim against ALLSTATE LIFE INSURANCE COMPANY Defendants for unjust enrichment. For various times of the policy and the last year-and-a-half, the ALLSTATE LIFE INSURANCE COMPANY Defendants gained the benefit of underpaying Plaintiffs' due benefits. Throughout this period, the ALLSTATE LIFE INSURANCE COMPANY Defendants constantly misinterpreted the insurance contract.

The ALLSTATE LIFE INSURANCE COMPANY Defendants have been unjustly enriched as a result of their fraudulent and wrongful behavior in that they have misrepresented the benefits due and misappropriated the benefits for their gain.

ALLSTATE LIFE INSURANCE COMPANY Defendants' wrongful conduct has resulted in damages to Plaintiffs which exceed the minimum jurisdictional limits of this Court. Plaintiffs hereby seek to recover those damages in an amount to be proven at trial. Plaintiffs further seek to recover exemplary damages, disgorgement of profits, injunctive relief, interest, court costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

## VIII. <u>EQUITABLE RELIEF/DECLARATORY RELIEF</u>

Plaintiffs seek the equitable relief that the Court order and declare that all future interest on the subject contract be calculated at a minimum of 6% as detailed in such document, Exhibit 1. Plaintiffs further seek the equitable relief that:

1. The contract, Single Premium Life Insurance Policy, Policy Number 5108174187, is not a pure "whole life" policy, but is also an investment contract.

2. The contract, Single Premium Life Insurance Policy, Policy Number 5108174187, was sold to Plaintiffs' as an investment opportunity.

3. The guaranteed interest rate in Single Premium Life Insurance Policy, Policy Number 5108174187 is determinative feature of the policy.

4. That under Single Premium Life Insurance Policy, Policy Number 5108174187 loans could be made against the principle and interest: and the greater the principle and interest the larger the allowed loan.

5. That under Single Premium Life Insurance Policy, Policy Number 5108174187, even with a loan outstanding, the interest rate would be no less than 4%.

6. That the interest rate applied to Single Premium Life Insurance Policy, Policy Number 5108174187, immediately affects the loan value of the policy.

7. That the holder of Single Premium Life Insurance Policy, Policy Number 5108174187, could cash in the policy or part of the policy at any time.

8. That there is more than one obligation under Single Premium Life Insurance Policy, Policy Number 5108174187; and thus, payment on death or maturity are not the only obligations under the policy.

9. That Allstate has an obligation under Single Premium Life Insurance Policy, Policy Number 5108174187 to state the actual value annually so that Haas can determine if the policy should be cashed or not.

10. That Allstate has an obligation under Single Premium Life Insurance Policy, Policy Number 5108174187 not to attempt to unilaterally change the contract.

11. That interest rate of Single Premium Life Insurance Policy, Policy Number 5108174187 does not depend on "unfavorable market conditions" as alleged by Allstate; but the interest rate is determined by the terms of the contract.

12. That the present and future value of Single Premium Life Insurance Policy, Policy Number 5108174187 is determined by its defined interest rate, and any allowance of a unilateral change in the interest rate automatically, and immediately, affects the value of the instrument.

13. That the guaranteed interest rate is a legally protected interest, and the Allstate claim to be able to unilaterally change that rate causes Haas an injury in fact.

14. That Allstate continue to accredit Haas no less than 6% interest until liquidation of the policy by tender, death, or maturity.

Plaintiffs further Request that the Court allow Plaintiffs the use of the Declaratory Judgment Act and allows, pre- and post-judgment interest, and costs of court hereunder.

## IX. VICARIOUS LIABILITY
### (Agency, Respondeat Superior, Ratification, Vice-Principal Liability)

Plaintiffs reiterate the factual allegations contained above.

Additionally, and/or alternatively, the **ALLSTATE LIFE INSURANCE COMPANY** d/b/a Northbrook Life Insurance Company Defendant, the **Allstate Assurance Company** d/b/a Northbrook Life Insurance Company Defendant, and **MORGAN STANLEY AND CO., LLC** are vicariously liable for the wrongful acts and omissions of their agents, employees, and representatives (whether defendants or non-defendants), as alleged herein, under the doctrines of agency (authorized agency, apparent agency, ostensible agency, and agency by estoppel), respondeat superior, ratification, and/or vice-principal liability. In all circumstances, the acts or omissions complained of were committed or omitted with authorization and/or ratification of **ALLSTATE LIFE INSURANCE COMPANY** d/b/a Northbrook

Life Insurance Company, **Allstate Assurance Company** d/b/a Northbrook Life Insurance Company Defendant and/or **MORGAN STANLEY AND CO., LLC**, and/or were done in the course and scope of the actor's employment or agency relationship with said Defendants.

Additionally, and/or alternatively, Defendants are vicariously liable for the wrongful acts and omissions of Defendants' agents, representatives and principals who (i) were agents, employees, and/or vice-principals of Defendant in furtherance of Defendants' business and for the accomplishment of the object for which such agent, employee, or vice-principal was formed; especially, without limit, Northbrook Life Insurance Company.

## X. DAMAGES

Plaintiffs seek such damages as each cause of action alleged herein allows; both at common law and statutorily. Plaintiffs seek actual damages, statutory damages, attorneys' fees as allowed by statute. pre- and post-judgment interest and all costs of Court.

## XI. EXEMPLARY DAMAGES

Plaintiffs reiterate the factual allegations contained above.

The wrongful acts an/or omissions of Defendants described herein were committed intentionally, knowingly, maliciously, wantonly and willfully, and in conscious disregard of the well-established (and acknowledged) rights of Plaintiffs.

As a result of their malice, actual fraud, and/or gross negligence, Defendants have caused significant harm to Plaintiffs. Thus, Plaintiffs are entitled to recover exemplary and/or punitive damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a).

## XII. JURY DEMAND

Plaintiffs hereby demand trial by jury.

## XIII. CONDITIONS PRECEDENT

All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## XIV. PRAYER

For these reasons, Plaintiffs respectfully ask the Court that Plaintiffs be awarded a judgment against Defendants for the following:

a. Actual damages.
b. Exemplary damages.
c. Statutory damages as allowed by law.
c. Prejudgment and post-judgment interest.
d. Court costs.
e. Attorney fees as allowed by law.
f. Equitable Relief as requested herein.
g. All other relief to which Plaintiffs are entitled.

Respectfully submitted,

The Essmyer Law Firm

By:/s/Michael M. Essmyer, Sr.
Michael M. Essmyer, Sr.

        State Bar No. 06672400
        messmyer@essmyerlaw.com
        5111 Center St.
        Houston, Texas 77007
        (713) 869-1155 (telephone)
        (713) 869-8957 (facsimile)

        and

        /s/ Kevin O'Malley
        Kevin O'Malley
        O'Malley Law Firm
        440 Louisiana St., Suite 2080
        Houston, Texas 77002
        (713) 629-7878
        kevin@omalley-law.com
        **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served upon the following counsel of record through the Court's electronic filing system on January 25, 2021:

Raymond Kutch
rkutch@thompsoncoe.com Roger
Higgins
rhiggins@thompsoncoe.com
Zandra Foley
zfoley@thompsoncoe.com
Thompson Coe
1 Riverway, Suite 1400
Houston, Texas 77056
**Attorneys for Allstate Defendants**

Andrew R. Harvin

State Bar No. 09187900 Southern District Bar No. 1849
aharvin@drhrlaw.com
DOYLE RESTREPO HARVIN & ROBBINS, L.L.P.
The Lyric Centre
440 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)
**ATTORNEY-IN-CHARGE FOR DEFENDANT**
**MORGAN STANLEY & CO., LLC**

*/s/ Michael M. Essmyer, Sr.*
Michael M. Essmyer, Sr.